**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PABLO RODRIGUEZ DELOYA; IRMA RODRIGUEZ, | No. 11-71120 |
| Petitioners, | Agency Nos. A096-344-306<br>A096-344-307 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Pablo Rodriguez Deloya and Irma Rodriguez, both natives and citizens of

Mexico, petition pro se for review of an order of the Board of Immigration Appeals

("BIA") denying their motion to reopen removal proceedings. Our jurisdiction is

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen and for substantial evidence the BIA's factual determinations made in the course of the decision. *Nehad v. Mukasey*, 535 F.3d 962, 966-67 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen, where petitioners filed the motion more than five years after issuance of the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), and petitioners did not demonstrate that they had received ineffective assistance of counsel during their appeal to the BIA such as would warrant equitable tolling of the filing deadline applicable to motions to reopen, *see Iturribarria v. INS*, 321 F.3d 889, 898 (9th Cir. 2003) (holding that "equitable tolling is available" only if "the ineffective performance" of an alien's attorney caused "an essential action in her client's case to be undertaken ineffectively, out of time, or not at all").

We lack jurisdiction to consider petitioners' contentions that their case warrants a favorable exercise of prosecutorial discretion, *see Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (order), and that the BIA abused its discretion by declining to reopen their case sua sponte, *see Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

2                                                                          11-71120

To the extent petitioners contend that the BIA failed to provide a reasoned explanation for its denial of their motion, the contention is unpersuasive because the BIA identified specific, cogent reasons for its decision. *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005).

Finally, because the foregoing determinations are dispositive of the present petition for review, we decline to consider Rodriguez Deloya's contention that an intervening change in the law has rendered him statutorily eligible for cancellation of removal. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**